# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| GREGORY C. ROLLINS, | ) |
| Plaintiff, | ) |
| v. | ) No. 08-00438-CV-W-FJG |
| MICHAEL J. ASTRUE, Commissioner of Social Security | ) |
| Defendant. | ) |

## **ORDER**

Presently pending before the Court is defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction or in the Alternative for More Definite Statement (Doc. No. 12).

Gregory C. Rollins instituted this action *pro se* against the Social Security Administration ("SSA") alleging that it had failed to pay withheld social security benefits that were owed to him. In April 2008, Rollins received back pay of benefits that were being withheld by the SSA in the amount of $6,400.00. However, Rollins alleges that the SSA actually owed him in excess of $13,000.00, and he claims that a letter from the SSA dated April 7, 2008 stated that the agency would be sending the rest of the money. Rollins states that as of June 11, 2008, the date he initiated this action, he had not received his the remaining amount due. In his complaint, Rollins states that he has not presented the claim involved in the current civil action to an administrative procedure within an agency.

Defendant moves this Court to dismiss the action for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). Defendant contends that federal jurisdiction does not exist for claims regarding Social Security disability benefits. Further, Defendant

argues that the fact that the United States is a defendant is insufficient to establish subject matter jurisdiction unless the government has waived its sovereign immunity. Also, Defendant indicates that jurisdiction in Social Security matters is conferred by 42 U.S.C. § 405(g), which provides the exclusive basis for the district court's jurisdiction regarding the Social Security Commissioner's final decisions.

Sovereign immunity shields the Federal Government and its agencies from suit, absent a waiver. Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994). As noted by the government, 42 U.S.C. § 405(g) is the exclusive basis for judicial review of cases arising under the Social Security Act. If a claimant does not timely pursue administrative appeal rights, the administrative determination or decision becomes binding. See 20 C.F.R. §§ 404.900(a), 404.905, 404.921, 404.955, and 404.981. In this case, Plaintiff concedes in his complaint that he has not presented his claim through any administrative agency; therefore, the Court does not have jurisdiction to review the matter under 42 U.S.C. § 405(g).

Defendant notes that jurisdiction could possibly be proper under 28 U.S.C. § 1361, which grants the Court original jurisdiction of actions in the form of mandamus to compel a federal officer or employee "to perform a duty owed to the plaintiff." However, Defendant argues that section 1361 has specific requirements which do not appear in Plaintiff's complaint.

A "writ of mandamus is intended to provide a remedy to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Taylor v. Barnhart, 399 F.3d 891, 894 (8th Cir. 2005) (internal quotations and citations omitted). The plaintiff must demonstrate that no other

2

means are available to attain the relief he seeks, and he must also show that his entitlement to issuance of the writ is "clear and undisputable." Id. In this case, Plaintiff indicated that he had not pursued administrative remedies before seeking relief in this Court. Plaintiff may still have another avenue of relief via the SSA; therefore, the issuance of a writ of mandamus would not be warranted in this case.

Furthermore, Plaintiff alleges that he received $6,400.00 in April of 2008, but that he was actually owed $13,000.00 in withheld benefits. He alleges that he received a letter from the SSA on April 7, 2008 stating that the agency would be sending him the remainder of the withheld benefits shortly. Upon review of the letter, the SSA does not indicate that any money, other than $6,440.75, is going to be released to Plaintiff. Therefore, Plaintiff has not established that the defendant owes him a clear and nondiscretionary duty which would support the issuance of the writ of mandamus.

Accordingly, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is **GRANTED**, and the above case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of the Court send a copy of this order via regular and certified mail to plaintiff at the following address: Gregory C. Rollins, 3304 Colorado Ave, Kansas City, MO 64128.

**IT IS SO ORDERED.**

Date: 11/20/08  
Kansas City, Missouri

**/s/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge